**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**MANHATTAN DIVISION**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **1300 Desert Willow Road, LLC,** | **Case No. 25-11375 (PB)** |
| **Debtor.** | |

**DECLARATION OF SCOTT MESTREZAT IN SUPPORT OF**
**MOTION TO DISMISS DEBTOR'S CHAPTER 11 CASE, OR,**
**ALTERNATIVELY, APPOINT A CHAPTER 11 TRUSTEE**

I, Scott Mestrezat, hereby declare that the following is true to the best of my knowledge, information, and belief:

1.      I am a loan originator for Romspen Investment Corporation, the parent of the general partner of Romspen Investment LP ("Romspen").  Romspen is the agent and servicer for TIG Romspen US Master Mortgage L.P. and Fund Investment 149, LLC (together, "Lenders") under the Loan (defined below) that is subject to the above-captioned proceeding.  I make this affirmation in support of Romspen's *Motion to Dismiss Debtor's Chapter 11 Case, or Alternatively, Appoint a Chapter 11 Trustee*.

2.      I am familiar with the facts and circumstances stated herein based upon my own personal knowledge and/or review of business records generated and maintained in the ordinary course of Romspen's business (the "Business Records"), except where otherwise noted.

3.      The Business Records were records made in the regular course of Romspen's business and it was the regular course of such business to make the Business Records, at or near the time of the transaction reflected therein, by individuals with personal knowledge thereof with the business duty to record such information accurately.

1

4.      Romspen is an Ontario limited partnership, having an address at 162 Cumberland Street, Suite 300, Toronto, Ontario M5R 3N5.

5.      Romspen, Lenders, and Debtor entered into that certain *Loan Agreement* dated as of April 4, 2022 ("Loan Agreement").  A true and correct copy of the Loan Agreement is annexed hereto as **Exhibit 1**.

6.      Pursuant to the Loan Agreement, Lenders agreed to lend Debtor up to the maximum aggregate principal amount of $20,100,000.00 (the "Loan").  Loan Agreement § 2.1.1.

7.      On or around April 4, 2022, Lenders advanced Loan principal to Debtor pursuant to Section 2.2 of the Loan Agreement.  This disbursement is reflected in the settlement statement in connection with the Loan.

8.      The Loan is evidenced by, among other things, a *Promissory Note*, dated as of April 4, 2022, in the principal sum of $20,100,000.00, which was executed by Debtor on March 29, 2022 (the "Initial Note").  A true and correct copy of the Initial Note is annexed as **Exhibit 2**.

9.      The Initial Note was amended, restated, and superseded by an *Amended and Restated Promissory Note* (the "Amended Note"), dated as of April 4, 2022, which was executed by Debtor on April 22, 2022.  A true and correct copy of the Amended Note is annexed as **Exhibit 3.**

10.     The Amended Note was again amended, restated, and superseded by a *Second Amended and Restated Promissory Note*, dated April 4, 2022, which was executed on May 24, 2022.  The Second Amended and Restated Promissory Note is the operative Note evidencing the Loan (the "Note").  A true and correct copy of the Note is annexed as **Exhibit 4.**

11.     In connection with the Loan, Debtor's owner David Ebrahimzadeh, executed a *Guaranty*, dated as of April 4, 2022, for the benefit of Romspen and Lenders (the "Owner

Guaranty,"). In addition, Debtor's affiliate, NM Industrial Park, LLC ("Affiliate"), executed a separate *Guaranty*, dated as of April 4, 2022, also for the benefit of Romspen and Lenders (the "Affiliate Guaranty"). Owner and Affiliate are collectively referred to as "Guarantors," and the Owner Guaranty and Affiliate Guaranty are collectively referred to as the "Guaranties."

12.     The Debtor's Loan is secured by, among other things: (i) a senior-priority lien and security interest in and to that certain real property located at 1300 Desert Willow Road, Los Lunas, New Mexico and all buildings, improvements, tenants and all personal property necessary for the operation thereof (the "Property") as set forth in that certain *Deed of Trust, Assignment of Leases and Rents, Security Agreement and Fixture Filing*, given by the Debtor in favor of Romspen as beneficiary, recorded as Instrument No. 202204650 in the Valencia County, New Mexico Real Property Records (the "Deed of Trust"); (ii) that certain *Assignment of Leases and Rents* dated as of April 4, 2022, given by the Debtor in favor of Romspen and recorded at Instrument No. 202204651 in the Valencia County, New Mexico Real Property Records (the "Assignment of Rents"); and (iii) that certain *Security Agreement* dated as of April 4, 2022, given by the Debtor in favor of Romspen (the "Security Agreement").

13.     Romspen perfected its lien interests in the Debtor's personal property as evidenced by, among other things, the *UCC Financing Statement* filed in the New Mexico Secretary of State's Office at File No. 20220131401A (the "UCC"). True and correct copies of the Deed of Trust, the Assignment of Rents, the Security Agreement, and the UCC are attached to the Declaration as **Exhibits 5-8**, respectively. The Loan Agreement, the Note, the Deed of Trust, the Assignment of Rents, the Security Agreement and the UCC, the Guaranties, along with all other documents evidencing and/or securing the Loan, are referred to herein as the "Loan Documents."

14.     Pursuant to the Note, monthly interest on the Loan, at an annual rate of 11.25%, was due on the first business day of each calendar month, beginning on May 1, 2022.  Ex. 4, § 1.1(a), (c).

15.     Romspen received timely payments on the Note for May, June and July, 2022.

16.     Romspen did not timely receive full payment from Debtor that was due on August 1, 2022.  Rather, Debtor made partial payments on August 5, August 22, and September 6, 2022.  Accordingly, Debtor did not pay in full the payment that was due on August 1, 2022, until more than five days after the payment was due.

17.     As a result, a 5% late fee on the amount due August 1, 2022 was applied to Debtor's balance, pursuant to Section 2.1 of the Note.  *See* Ex. 4 § 2.1.

18.     Debtor subsequently failed to make the interest payments due on September 1, 2022, and October 1, 2022, thereby incurring additional 5% late fees on those payments, pursuant to Section 2.1 of the Note.  *Id*.

19.     Debtor's failure to timely pay these amounts, among other things, constituted Events of Default under the Loan Agreement.  Ex. 1, § 7.1(a)(i).

20.     On October 11, 2022, Romspen's attorneys delivered notice of the Events of Default to Debtor and Guarantors, in accordance with the Notice provisions of the Loan Agreement and the Guaranties, demanding that all existing Events of Default be cured within fifteen days, including Debtor's payment defaults ("Default Notice").  A true and correct copy of the Default Notice is annexed as **Exhibit 9**.  *See* Ex. 1 § 12.5.

21.     Debtor did not dispute the occurrence of those Events of Default, and failed to cure as demanded.

22.    As of October 31, 2022, Romspen began charging interest at the Default Rate, pursuant to Section 7.2(b) of the Loan Agreement.  *See* Ex. 1 § 7.2(b).

23.    On November 18, 2022, Niagara Bottling, LLC ("Niagara"), a tenant leasing a portion of the Property, sent the Debtor a *Notice of Default of Lease* letter (the "Lease Default Letter"), a true and correct copy of which is annexed as **Exhibit 10**.  In the Lease Default Letter, among other things, Niagara complained of the Debtor's management incompetence including: (i) the Debtor's failure to pay a utility provider, who threatened to shut off electrical services as a result; (ii) the Debtor's failure to inspect and test the fire sprinkler systems; (iii) the Debtor's failure to properly repair roof leaks; and (ii) the Debtor's inadequate landscaping services.

24.    On December 29, 2022, Romspen filed the *Verified Complaint and Application for Expedited Appointment of Receiver* in the Thirteenth Judicial District Court in New Mexico, Valencia County (the "New Mexico Court")[1] seeking the appointment of a receiver.  On January 18, 2023, the New Mexico Court judge entered his order (the "Receivership Order") finding that the "appointment of a receiver is necessary to manage and operate the Property, to preserve and protect the collateral, and to prevent waste," and appointed Cascade Capital Group, LLC, by and through Mark Calvert its Managing Director, as receiver (the "Receiver").  Receivership Order, at ¶¶ 16-17.  A true and correct copy of the Receivership Order is annexed as **Exhibit 11**.  The Receiver thereafter assumed control over and took possession of the Property until the Petition Date.

25.    After the appointment of the Receiver, Romspen and the Debtor negotiated a series of forbearance agreements beginning with that certain *Forbearance Agreement* dated January 24, 2023 and culminating with the *Seventh Amendment to Second Forbearance Agreement* dated

---

[1]    Case No. D-1314-CV-2022-00809.

effective as of February 21, 2025 (the "Seventh Amendment").  True and correct copies of the forbearances are annexed as **Exhibits 12-20**.

26.     Interest due under the Loan has accrued and continues to accrue at the Default Rate set forth in Section 2.3 of the Note and Section 7.2(b) of the Loan Agreement.  *See* Ex 1 § 7.2(b); Ex. 4 § 2.3.

27.     A true and correct copy of the Business Record reflecting the Loan history and interest accrual worksheets, including principal advances, interest accruals, loan fees and charges authorized by the Loan Documents, and payments applied against the Loan balance is annexed as **Exhibit 21**.  Exhibit 21 is divided into three sections: (i) Exhibit 21.a reflects payments received from Debtor and how those payments were applied; (ii) Exhibit 21.b reflects the accrual of interest on amounts due from Debtor at the regular Interest Rate (11.25%), as well as Late Fees due, pursuant to the Note (Ex. 4, §§ 1.1(a), 2.1); (iii) Exhibit 21.c reflects the accrual of interest on amounts due from Debtor at the Default Rate (18%) pursuant to the Note (Ex. 4, § 2.3). *See infra*, fns. 1, 2.

28.     As of June 1, 2025, as detailed in Exhibit 21, **$26,303,148.30** in unpaid principal, accrued and unpaid interest, and incurred unpaid loan fees is due and owing under the Loan Documents, including the Guaranties, as follows:

| | |
|---|---|
| Principal Balance (Ex. 4, § 1.1) | $20,100,000.00 |
| Unpaid Accrued Interest at the Note Rate of 11.25% (Ex. 4, § 1.1[a]) | $939,893.29[2] |
| Unpaid Accrued Interest at the Default Rate of an Additional 6.75% (Ex. 4, §2.3; Ex. 1, § 7.2(b)) | $4,734,290.76[3] |

---

[2]     *See* Ex. 21.b, p. 6. Exhibit 21.b reflects amounts due for interest during the entire applicable period at the regular Interest Rate under the Note (11.25%), along with applicable Late Fees, and reflects how Borrower's periodic payments were applied.

[3]     *See* Ex. 21.c, p. 8. Exhibit 21.c reflects amounts due for interest at the Default Rate under the Note (18%) for the period after Plaintiff began applying the Default Rate—18%—on October 31, 2022 (*supra*, ¶ 24). The amount accrued for interest at the regular Interest Rate reflected in Exhibit 21.b ($939,893.29) was deducted from the total amount of accrued interest at the Default Rate reflected in Exhibit 21.c ($5,674,184.05) to calculate the total amount of additional interest due attributable solely to the application of the Default Rate ($4,734,290.76).

| | |
|---|---|
| Late Fees of 5% on unpaid interest (Ex. 4, § 2.1) | $328,464.22[4] |
| Late Fee of 0.5% on Principal Balance (Ex. 4, § 2.1) | $100,500.00[5] |
| Unpaid Third Amendment Forbearance Fee (Ex. 16, § 3) | $50,000.00[6] |
| Unpaid Fourth Amendment Forbearance Fee (Ex. 17, § 3) | $50,000.00[7] |
| **Total Principal, Interest, and Loan Fees through June 1, 2025** | **$26,303,148.30** |

29.     Interest will continue to accrue on a *per diem* basis at the Default Rate in the amount of $12,892.53.  However, because interest is calculated on a compounding basis, the *per diem* amount will continue to increase each month.

30.     In addition, Romspen has incurred, and continues to incur, expenses and charges (such as attorneys' fees) to enforce the Loan Documents, preserve Romspen's rights under the Loan Documents, and to collect the amounts owed under the Loan Documents.

31.     As of June 1, 2025, Romspen has incurred **$73,467.76** in expenses and charges which is due and owing under the Loan Documents, including the Guaranties, as follows:

| | |
|---|---|
| Legal fees – Modrall Sperling | $42,739.76 |
| Legal fees – Foley & Lardner | $750.00 |
| Legal fees – Bryan Cave Leighton Paisner | $29,978.00 |
| **Total Expenses/Charges through June 1, 2025** | **$73,467.76** |

32.     Romspen has not received payment of the amounts listed in paragraphs 28 and 31 above.

33.     Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

By: _____

Name:  Scott Mestrezat

---

[4]     *See* Ex 21.b, p. 6.

[5]     *See supra*, ¶ 28.

[6]     *See supra*, ¶ 46.

[7]     *See supra*, ¶ 51.