BRONSON LAW OFFICES, P.C.
*Proposed Counsel to Debtor In Possession*
*1300 Desert Willow Road  LLC.*
480 Mamaroneck Ave.
Harrison, NY 10528
914-269-2530 (tel.)
888-908-6906 (fax)
hbbronson@bronsonlaw.net

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| 1300 Desert Willow Road, LLC, | Case No.  25-11375 (PB) |
| Debtor. | |

------------------------------------x

## DEBTOR'S OBJECTION TO MOTION TO CONVERT OR DISMISS

The above-captioned debtor and debtor-in-possession 1300 Desert Willow Road, LLC(the  "**Debtor**") in response to the motion of the Romspen Investment LP as agent and servicer for TIG Romspen US Master Mortgage LP and Fund Investment 149, LLC (", (the "**Movant**") seeking to dismiss the Debtor's case (the "**Motion**"). The Debtor objects to the relief sought and respectfully states as follows.

1. On June 22, 2025, (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "**Bankruptcy Code**").

2. The Debtor operates a commercial building located at 1300 Desert Willow Rd., Los Lunas, New Mexico (the "Property"). As stated in the Debtor's filings the Debtor believes the value of the Property is approximately $40,000,000 to $50,000,000.

3. The Debtor filed this case as an emergency filing due to the scheduling of a

non-judicial sale by Movant.

4.      The Debtor disputes the amount of Movant's claim and the facts as stated in its Motion. Additionally, the Debtor has counterclaims against the Movant with respect to the prefiling litigation that Movant states is the basis of its request for relief in the Motion.

5.      Additionally, the history of litigation between the Movant and the Debtor stated in the Motion is not sufficient cause to dismiss or convert the Debtor's case.

## LEGAL ARGUMENT

### 1.  There Is No Cause to Convert Under 11 U.S.C.§1112(b)

The grounds for conversion under 11 U.S.C. § 1112(b)(4)(A), cited by Movant to dismiss or convert the case to chapter 7 in its Motion are bad faith, continuing loss or diminution and absence of a reasonable likelihood of rehabilitation. The Motion does not establish cause under either of these grounds.

### A.  The Debtor's case was not filed in Bad Faith.

The Motion references certain of the C-TC factors that may be present in this case to suggest bad faith. While these factors can indicate bad faith in some cases an inquiry into whether a petition was filed in bad faith requires the court to consider the entire view of the facts and circumstances — no one factor is determinative. *See In re Encore Prop. Mgmt. of W. New York, LLC*, 585 B.R. 22, 30 (Bankr. W.D.N.Y. 2018) ("In determining whether good faith is absent (and bad faith is present), the court must consider the totality of the circumstances—not one single factor.")....". The circumstances of this case are that it is not simply a two-party dispute as Movant suggests, Movant acknowledges the two unsecured claims and the Debtor is in the process of leasing the vacant space which will double its revenue and enable it to reorganize.

While the timing of the filing could be a factor indicating bad faith, the Second Circuit has recognized "there is a considerable gap between delaying creditors, even secured creditors, on the eve of foreclosure and the concept of abuse of judicial purpose." *In re Cohoes Indus. Terminal, Inc.*, 931 F.2d at 228 (internal citations omitted). The evidence proffered by Movant does not show that the Debtor filed the chapter 11 case without any intention to reorganize. …" *In re AAGS Holdings, LLC*, 608 B.R. 373, 383 (Bankr. S.D.N.Y. 2019). Indeed, the Debtor is diligently working to secure a tenant for the vacant space that will double its revenue. Accordingly, the Movant has not established bad faith as cause to dismiss or convert the Debtor's case.

### B. **There is No Diminution and there is a reasonable likelihood of rehabilitation.**

The Debtor intends to make adequate protection payments pursuant to its approved cash collateral budget to ensure that the secured lender's position with respect to the Property will be maintained at the status quo. Additionally, the value of the Property far exceeds the debt owed to Movant. Therefore, the movant will be adequately protected from the diminution of its interest. *See, e.g., In re WestPoint Stevens, Inc.*, 600 F.3d 231, 260 (2d Cir. 2010) ("In bankruptcy proceedings, a secured creditor ordinarily has a statutory right to adequate protection payments to protect its interests against the diminution in value of its security."); *Bluebird Partners, L.P. v. First Fid. Bank, N.A. N.J.*, 85 F.3d 970, 972 (2d Cir. 1996); *Del. Tr. Co. v. Wilmington Tr., N.A.*, 534 B.R. 500, 514 (S.D.N.Y. 2015) Therefore, Movant's interest will be adequately protected and there is no continuing loss or diminution and no cause to dismiss the case under Section 1112(b).

WHEREFORE, for all of the foregoing reasons, the Movant has not established cause to dismiss or convert the case pursuant to 1112(b). The Debtor respectfully requests that the Court deny the relief sought in the Motion; and for such other and further relief as the Court deems just and proper.

Dated: Harrison, New York
      August 5, 2025

                                            BRONSON LAW OFFICES P.C.

                                            By: /s/ *H. Bruce Bronson*
                                                H. Bruce Bronson