Brigid K. Ndege (NY Bar No. 5046925)
**BRYAN CAVE LEIGHTON PAISNER LLP**
161 North Clark Street, Suite 4300
Chicago, Illinois 60601
Telephone:   (312) 602-5000
Facsimile:   (312) 602-5050
Email:       brigid.ndege@bclplaw.com

Jarret P. Hitchings (admitted *Pro Hac Vice*)
**BRYAN CAVE LEIGHTON PAISNER LLP**
301 S. College Street, Suite 2150
Charlotte, NC 28202
Telephone:   (704) 749-8965
Facsimile:   (704) 749-8990
Email: jarret.hitchings@bclplaw.com

Kyle S. Hirsch (Admitted *Pro Hac Vice*)
**BRYAN CAVE LEIGHTON PAISNER LLP**
Two North Central Avenue, Suite 2100
Phoenix, Arizona 85004
Telephone:   (602) 364-7000
Facsimile:   (602) 364-7070
Email:       kyle.hirsch@bclplaw.com

*Counsel to Romspen Investment LP, as agent and servicer
for TIG Romspen US Master Mortgage LP and
Fund Investment 149, LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**MANHATTAN DIVISION**

| | |
|---|---|
| **In re:**<br><br>**1300 Desert Willow Road, LLC,**<br><br>　　　　　　　　　　**Debtor.** | Chapter 11<br><br>Case No. 25-11375 (PB) |

**MOVANT'S REPLY TO DEBTOR'S OBJECTION**
**AND IN SUPPORT OF MOTION TO CONVERT OR DISMISS**

　　　　Romspen Investment LP ("Romspen Investment"), as agent and servicer for TIG Romspen US

Master Mortgage LP ("TIG") and Fund Investment 149, LLC ("Fund Investment," collectively with TIG

and Fund Investment, "Romspen"), hereby files this reply (the "Reply") to *Debtor's Objection to Motion

to Convert or Dismiss* [ECF No. 37] (the "Objection") by 1300 Desert Willow Road, LLC (the "Debtor")

1

and in support of its *Motion to Dismiss Debtor's Chapter 11 Case or, Alternatively, Appoint a Chapter 11 Trustee* [ECF No. 12] (the "Motion")[1] states as follows:

## Preliminary Statement

1. Romspen's Motion seeks dismissal of this case for cause, including for bad faith because each of the *C-TC* Factors is present. In the alternative, Romspen seeks the appointment of a Chapter 11 Trustee to manage the Debtor's Property in the best interest of creditors.

2. In its Objection, the Debtor fails to meaningfully address any of the *C-TC* Factors, instead suggesting (without evidence) that Romspen has mischaracterized the facts or that those facts should be disregarded by the Court. The Debtor also argues (mistakenly and again without evidence) that its case should not be dismissed for bad faith because Romspen's interest in the Property is adequately protected. And, the Debtor completely fails to address Romspen's alternative request for relief.

3. The Court should overrule the Objection and grant Romspen the relief requested in the Motion. First, the undisputed facts establish that this case was filed in bad faith. Second, adequate protection of the interests of a party during the course a bankruptcy case does not remedy a bad faith filing; and even if it could, the Debtor here has not established that Romspen's interests are adequately protected sufficient to warrant continuation of this case. Finally, given the Debtor's failure to contest Romspen's alternative request for relief, a Chapter 11 Trustee should be appointed if this case is not dismissed.

    A.    **The Debtor's Bankruptcy Case Was Filed in Bad Faith.**

4. A movant bears the burden of demonstrating, by a preponderance of the evidence, that cause exists to dismiss or convert a chapter 11 case. *In re Babayoff*, 445 B.R. 64, 76 (Bankr. E.D.N.Y.

---

[1] Capitalized terms not otherwise defined herein are intended to have the meaning set forth in the Motion.

2

2011). As explained in the Motion, consideration of the eight *C-TC* Factors establishes that the Debtor filed this case in bad faith. Indeed, the Debtor does not contest most of the *C-TC* Factors.

5.    The Debtor concedes that this case involves only one asset (a partially occupied commercial building). The Debtor also concedes that this asset is the subject of a foreclosure action due to the debt defaults and arrearages. Finally, the Debtor does not dispute that there is modest cash flow that cannot satisfy the Debtor's obligations or that the Debtor lacks employees.

6.    Where the Debtor does address the *C-TC* Factors, it does so in self-serving and conclusory fashion. For example, the Debtor suggests that this case is "not simply a two-party dispute" because there are two unsecured claims. Yet it fails to explain why or how either unsecured claim compares in substance or effect to Romspen's senior secured claim against the Debtor's sole asset. *See* ECF No. 1, Schedule E/F, para. 3.1 and 3.2.

7.    The Debtor also appears to concede that it filed in order to delay its creditors on the eve of foreclosure, but argues that this does not constitute abuse of judicial process. The Debtor cites *In re Cohoes Indus. Terminal*, 931 F.2d 222 (2d Cir. 1991) for this proposition. However, this same court noted that "because bankruptcy filings must be made in good faith, an entity may not file a petition for reorganization which is solely designed to attack a judgment collaterally -- the debtor must have some intention of reorganizing" *Id.* at 228. Here, the Debtor has no intention of reorganizing. The Debtor also fails to explain why the court should not consider this factor *together with all other factors* weighing in support of dismissal.

8.    Finally, the Debtor asserts (without evidence) that it is in the process of leasing vacant space in the Property, which will allegedly double its revenue and enable it to reorganize. But again, this speculative future event does nothing to cure the Debtor's bad faith filing.

**B.      Adequate Protection of Romspen's Interest Does Cure A Bad Faith Filing.**

9.      The term "cause" is not exhaustively defined in the Bankruptcy Code but has been interpreted to include multiple separate conditions such as a bad faith filing *or* a substantial or continuing loss or diminution of the estate and the absence of a reasonable likelihood of rehabilitation. 11 U.S.C. § 1112(b)(4)(A); *In re C-TC 9th Ave. P'ship v. Norton Co. (In re C-TC 9th Ave. P'ship)*, 113 F.3d 1304, 1310-11 (2d Cir. 1997).  In this case, the Motion is predicated on the Debtor's bad faith filing, which is independent from the risk of diminishing value or the Debtor's inability to restructure. Accordingly, whether or not Romspen's interests are adequately protected going forward (they are not) is not relevant to a determination of whether the case was filed in bad faith.  Even if it were, Romspen maintains that its interests are not adequately protected. *See Objection to Debtor's Emergency Motion for Authority to Use Cash Collateral and Reservation of Rights* [ECF No. 23].

10.     In any event, the Debtor bears the burden of proof that a lender is adequately protected. *In re South Side House, LLC*, 474 B.R. 391, 408 (Bankr. E.D.N.Y. 2012); *see also In re O.P. Held, Inc.*, 74 B.R. at 784 (noting that a debtor requesting authorization for use of cash collateral "must prove by clear and convincing evidence that the secured creditor will realize the value of its bargain in light of all the facts and circumstances of the case") (citations omitted). In addition, a creditor "is entitled to adequate protection of two distinct interests: its mortgage on the property and its right to collect the rents flowing from the property or, at the very least, its security interest in such rents." *In re South Side House, LLC*, 474 B.R. 391, 408 (Bankr. E.D.N.Y. 2012) (citation omitted).

11.     Here, the Debtor argues that Romspen is adequately protected because of a significant equity cushion and because the Debtor will turn over all remaining rental revenue after the Debtor pays budgeted expenses.  As an initial matter, paying a creditor its rental revenue as adequate protection is illusory because the lender/ creditor already has the right to this rental revenue.

4

12. The Debtor' argument that Romspen is adequately protected because the property is currently worth significantly more than the debt Debtor owes Romspen – thus creating a significant equity cushion – also fails. An equity cushion is, by definition, a "speculative [and] uncertain" form of adequate protection and "can evaporate entirely, if not substantially diminish over time, especially in a soft or declining real estate market." *In re Stoecker*, 114 B.R. 980, 986 (Bankr. N.D. Ill. 1990). Despite this, however, the Debtor fails to provide any supporting documentation to satisfy its burden of proof. For instance, the Debtor states that the Property is worth $40,000,000 to 50,000,000.00 but has failed to provide a valuation to support this finding.

13. Debtors in one bankruptcy case, *Broadway Realty*, made similar arguments. There, the debtors argued that the properties in their bankruptcy cases were worth significantly more than the debt that encumbered them and that this equity cushion served as adequate protection. *In re Broadway Realty I Co., LLC*, No. 25-11050 (DSJ), 2025 Bankr. LEXIS 1550, *20-21 (Bankr. S.D.N.Y. June 29, 2025). The court found this argument unpersuasive, noting that a large equity cushion would benefit general unsecured creditors or other low-priority claimants rather than the secured creditor. As the court explained, the secured creditor's security would be protected to the extent that a robust enough equity cushion already existed. *Id*. The court further explained that "benefit to the secured creditor" must be showed in a quantitative not in any qualitative or generalized sense. *Id*.

C. **Romspen Is Entitled to the Alternative Relief.**

14. The Debtor has failed to address Romspen's alternative request for a Chapter 11 trustee. Courts have noted that parties that do not respond to legal arguments should be deeded to have consented to these arguments. *Burns v. Cty. of Rensselaer*, No. 9:02-CV-0165 (TJM/GHL), 2005 U.S. Dist. LEXIS 41743, at *31 (N.D.N.Y. Dec. 12, 2005) (citing N.D.N.Y. L.R. 7.1(a)(1),(b)(3)). *Cade v. Hart*, No. 9:22-CV-00751 (ECC/PJE), 2025 U.S. Dist. LEXIS 135605, at *9 (N.D.N.Y. July 15, 2025)

5

("where a non-movant has willfully failed to respond to a movant's properly filed and facially meritorious memorandum of law, the non-movant is deemed to have 'consented' to the legal arguments contained in that memorandum under Local Rule 56.1(b).").

15.   As part of its Motion, Romspen asserted numerous facts supported by declaration detailing the pre-petition appointment of a Receiver for the Property and warranting a Chapter 11 trustee in this case. The Debtor has not disputed these facts, nor presented any argument or objection to the contrary. Consequently, the Debtor should be deemed to have waived their position or consented to this request.

[*Remainder of Page Left Intentionally Blank*]

**Conclusion**

For these reasons, Romspen asks that this Court dismiss this case for cause, or, alternatively, to appoint a chapter 11 trustee; and grant such other and further relief as this Court deems just and proper.

DATED this 8th day of August 2025.

**BRYAN CAVE LEIGHTON PAISNER LLP**

*/s/Brigid K. Ndege*
Brigid K. Ndege (NY Bar No. 5046925)
161 North Clark Street, Suite 4300
Chicago, Illinois 60601
Telephone:     (312) 602-5000
Facsimile:       (312) 602-5050
Email:             brigid.ndege@bclplaw.com

Kyle S. Hirsch (*Pro Hac Vice*)
Two North Central Avenue, Suite 2100
Phoenix, Arizona 85004
Telephone:     (602) 364-7000
Facsimile:       (602) 364-7070
Email:             kyle.hirsch@bclplaw.com

Jarret P. Hitchings (Admitted *Pro Hac Vice*)
301 S. College Street, Suite 2150
Charlotte, NC 28202
Telephone:     (704) 749-8965
Facsimile:       (704) 749-8990
Email:             jarret.hitchings@bclplaw.com

*Counsel to Romspen Investment LP, as agent and servicer for TIG Romspen US Master Mortgage LP and Fund Investment 149, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on August 8, 2025, I directed that a true and correct copy of this document be served on any attorney who has appeared of record, through the Court's ECF notification system, as follows:

- H. Bruce Bronson, Jr. on behalf of Debtor 1300 Desert Willow Road, LLC
  ecf@bronsonlaw.net
  bbronson@bronsonlaw.net;bronson.h.bruceb126820@notify.bestcase.com

- Rachael Siegel on behalf of U.S. Trustee United States Trustee
  rachael.e.siegel@usdoj.gov United States Trustee
  USTPRegion02.NYECF@USDOJ.GOV

The following parties received notice via first class mail:

- Equity Funding, LLC, Derek Edmonds, 11245 SE 6th Street, Suite 280, Bellevue, WA 98004-6594
- Fund Investment 149, LLC, c/o Bloomfeld Capital Partners, LLC, 700 Forest Avenue, Birmingham, MI 48009-6444
- Mark Calvert, Receiver, Cascade Capital, 1100 Bellevue Way NE Suite 8A-400, Bellevue, WA 98004-4280
- Meltzer, Lippe, Goldstein & Breitstone, Gary Meltzer, 190 Willis Avenue, Mineola, NY 11501-2643
- NM Industrial Park, LLC, 150 E 78th Street, New York, NY 10075-0413

DATED this 8th day of August 2025.   **BRYAN CAVE LEIGHTON PAISNER LLP**

                                                  */s/ Brigid K. Ndege*
                                             Brigid K. Ndege (NY Bar No. 5046925)
                                             161 North Clark Street, Suite 4300
                                             Chicago, Illinois 60601
                                             Telephone:  (312) 602-5000
                                             Facsimile:  (312) 602-5050
                                             Email:  brigid.ndege@bclplaw.com

                                             **Counsel to Romspen Investment LP, as agent and servicer for TIG Romspen US Master Mortgage LP and Fund Investment 149, LLC**