BRONSON LAW OFFICES, P.C.
*Proposed Counsel for The Debtor*
480 Mamaroneck Ave.
Harrison, NY 10528
914-269-2530 (tel.)
888-908-6906 (fax)
H. Bruce Bronson
hbbronson@bronsonlaw.net

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re:

    1300 Desert Willow Road, LLC,

                      Debtor.
-------------------------------------------------------x

Chapter 11

Case No.: 25-11375 (PB)

## APPLICATION IN SUPPORT OF AN ORDER AUTHORIZING THE RETENTION OF BRONSON LAW OFFICES, P.C., AS COUNSEL FOR THE DEBTOR

As and for the application of Bronson Law Offices, P.C. (the "Firm") on behalf of 1300 Desert Willow Road, LLC, the above-referenced debtor (the "Debtor"), for an order authorizing its retention as counsel, respectfully sets forth and alleges:

1. On June 22, 2025, (the "Petition Date"), the Debtor filed a voluntary petition seeking an Order for relief under the protective provisions of Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code").

2. The Debtor is a limited liability company that owns the property at 1300 Desert Willow Rd. Los Lunas, New Mexico (the "Property"). This case was filed in order to stop a stop a deed of trust sale of the Property and attempt to refinance and payoff the mortgage encumbering the Property.

3. The Debtor has and continues to manage its affairs as debtor and debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

4. No official committee of unsecured creditors or other statutory committee and no trustee has been appointed in this case.

## APPLICATION, JURISDICTION AND
## STATUTORY PREDICATES FOR RELIEF

5. By this Application the Debtor seeks to employ the Bronson Law Offices, P.C. as its bankruptcy counsel.

6. This Court has jurisdiction over this application pursuant to 28 U.S.C. §§ 157 and 134 and the "Standing Order of Referral of Cases to Bankruptcy Judges" dated July 10, 1984 (Ward, Acting C.J.). Venue in this District is proper pursuant to 28 U.S.C. § 1408.

7. The statutory predicates for the relief sought herein are Section 327 of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Rule 2014-a of the Local Rules of the United States Bankruptcy Court for the Southern District of New York.

## THE NEED FOR COUNSEL

8. The Debtor requires the services of the Firm, *inter alia*, to: (i) assist in the administration of this Chapter 11 proceeding, (ii) prepare or review operating reports, (iii) set a bar date, (iv) file a motion for financing; (v) review claims and resolve claims which should be disallowed, (vi) defend lift stay motions (vii) assist in drafting a plan of reorganization including all exhibits and schedules thereto, and confirming a Chapter 11 plan, and (viii) all other services necessary to confirm a plan in bankruptcy or defend the bankruptcy.

9. The Firm will make a proper application for compensation, with full disclosure. Firm received a retainer payment of $20,000 prior to the Petition Date. That

retainer was used in part for legal services performed prior to the Petition date. The filing fee was also paid. No additional fees were received in relation to the bankruptcy.

10. The Firm is billing the Debtor at the following rates: $475-550 per hour for attorney time; and $250.00 per hour for paralegal or legal assistant time.

11. The Debtor has selected the Firm for the reason that it is experienced in small Chapter 11 cases such as the present case. It is submitted that the Firm is qualified to represent the Debtor.

12. The Firm does not represent any interest adverse to Debtor or his bankruptcy estate. The Firm has no relationship with the Office of the United States Trustee or any of its staff or any of the Judges in the Southern District of New York and their staffs, as listed on **Exhibit A** to the attached Affirmation of H. Bruce Bronson, or otherwise.

## THE FIRM IS DISINTERESTED

13. Bankruptcy Code Section 327(a) provides in relevant part that a debtor, "with the court's approval, may employ one or more attorneys, accountants, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons . . . ."

14. A "disinterested person," as the term is defined in Bankruptcy Code Section 101(14) means a person that:

> [D]oes not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor . . . . , or for any other reason.

15.     Rule 2014(a) of the Federal Rules of Bankruptcy Procedure sets forth the requirements for any professional that seeks to be employed pursuant to Section 327(a). Rule 2014(a) provides as follows:

> (a) Application for an order of employment. An order approving the employment of attorneys, accountants, appraisers, auctioneers, agents, or other professionals pursuant to 327. . . shall be made only on application of the trustee or committee. The application shall be filed and . . . . a copy of the application shall be transmitted by the applicant to the United States trustee. The application shall state the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee. The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connection with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

16.     It is submitted that the Firm is disinterested. It has no interest adverse to the Debtor or any other party in interest. See *In re Kliegl Bros. Universal Elec. Stage Lighting Co.*, 189 B.R. 874 (Bankr. E.D.N.Y. 1995). Moreover, the Firm has made the requisite showing required by the Bankruptcy Rule 2014(a). *See* "Affirmation of H. Bruce Bronson," attached hereto.

17.     Because the facts and circumstances set forth herein do not present novel issues of law, it is respectfully requested that the requirement of filing a memorandum of law be waived.

**WHEREFORE**, the Debtor respectfully requests that this Court enter the order, in the form annexed hereto, authorizing the Firm to act as its counsel, with compensation

4

for such legal services to be paid upon application to this Court, and that it has such other and further relief as is just and proper.

Dated: Harrison, NY
August 11, 2025

                                                  **BRONSON LAW OFFICES, P.C.**

                                                  _/s/H. Bruce Bronson_
                                                  H. Bruce Bronson, Esq.