Walt Stephenson
Executive Director
CA License #01793438



300 Santana Row, 5th Floor
San Jose, CA  95128
408.615.3458 Tel

Walt.stephenson@cushwake.com
www.cushmanwakefield.com

August 5, 2025

Bill Robertson
Tom Franchini
Lori Robertson
Colliers
Via Email

Re:    LEASE PROPOSAL FOR 1300 DESERT WILLOW, LOS LUNAS

Bill, Tom, and Lori;

Cushman and Wakefield and Johnson Commercial Real Estate have been authorized by ▮▮▮▮▮▮▮▮▮▮ to present the following lease proposal to Corinche Capital ("Landlord") regarding a portion of the building commonly referred to as 1300 Desert Willow Road, Las Lunas ("Building").  The general terms and conditions in this proposal outline the terms by which Tenant is interested entering into a lease for the Premises.

| # | | |
|---|---|---|
| 1. | Premises: | Approximately 201,637 RSF |
| 2. | Use: | The Premises shall be used for general office/administrative purposes as well as a general manufacturing and light assembly of machine components, and any other legally permitted uses. |
| 3. | Term: | 48 Months from the Commencement Date |
| 4. | Commencement Date | December 1, 2025 |
| 5. | Delivery Date: | Landlord shall deliver the Premises upon mutual execution of the lease for the purpose of basic set up of the Premises. |
| 6. | Beneficial Occupancy: | From the Delivery Date to the Commencement Date, Tenant shall have full access to the Premises for the purpose of basic facility set up. During this Beneficial Occupancy period, Tenant shall not be responsible for the payment of Base Rent nor Operating Expenses. |
| 7. | Delivery Condition/Warranty: | The Premises shall delivered in broom clean condition with all building systems in good working order.   Landlord, at its sole expense without reimbursement, shall be responsible for all repairs and replacements to the Premises, including roll up doors, for the first six (6) months of the lease term. |
| 8. | Base Rent: | The annual NNN Base Rent shall be $9.75/SF.  Base Rent shall increase 2.5% annually commencing Month 13 of the Term. |
| 9. | Rent Abatement: | The payment of Base Rent and Operating Expenses shall be abated for the initial Four (4) months of the term. |

| | | |
|---|---|---|
| 10. | Security Deposit & First Month's Rent: | At lease execution, Tenant shall pay one (1) months' Base Rent to be applied to the first month following the rent abatement period.  Additionally, Tenant shall pay a Security Deposit equal to one (1) month's Base Rent in the final year of the Term. |
| 11. | Operating Expenses: | In addition to Base Rent, Tenant shall pay its proportionate share of Operating Expenses, Taxes and Insurance throughout the lease term on the entire Premises. |
| | | <u>Maintenance & Repair</u>:  Landlord shall maintain the structural elements of the roof, bearing walls, foundation, surface elements of the roof (roof membrane), utility mains servicing the building, HVAC equipment, and all exterior common areas including parking areas; driveways; sidewalks; landscaping; exterior lighting; and irrigation systems during the Lease Term, except for damage caused by Tenant.  Tenant shall reimburse Landlord for all costs of damage caused by Tenant to the structural elements of the roof, bearing walls, and foundation. Tenant shall reimburse Landlord for Tenant's pro-rata share of all costs associated with the maintenance and repair of the surface elements of the roof (roof membrane), utility mains servicing the building, and the exterior common areas. |
| | | Tenant shall maintain the interior of the Premises including interior walls, floors, doors, lighting, plumbing, and electrical systems. |
| | | <u>Taxes & Insurance</u>:  Tenant shall be responsible for payment of Tenant's pro-rata share of real property taxes and assessments including any premiums for Landlord's property insurance and liability insurance coverage. Tenant shall not be subject to any increase in property taxes due to a re-assessment during the initial twenty-four (24) months of the term. |
| | | <u>Utilities</u>:  Tenant shall contract directly with specific utility providers and be responsible for its pro-rata share of water, sewer, gas, electricity, telephone, trash pick-up and disposal, and other utilities and services to the Premises.  Landlord shall contract directly for the utilities serving the common areas. |
| | | <u>Reimbursable Expenses</u>:  Any Operating Expenses paid for by the Landlord, which are the responsibility of Tenant, shall be reimbursed by Tenant based on Tenant's proportionate share of the building and/or project. |
| | | **Please confirm and outline the current operating expenses for the Premises.** |
| 12. | Self Help | In the event Landlord fails to fulfill any of its repair and maintenance obligations in a timely manner, Tenant shall have the right to complete the required repairs, then deduct the costs from the next Base Rent installment. |
| 13. | Tenant Improvement Allowance: | Landlord shall provide an allowance equal to $2/SF for the purpose of constructing Tenant's improvements to the Premises, including electrical distribution. |
| | | Tenant shall have no obligation to remove any existing, proposed or future Tenant improvements including data, cabling and other such improvements upon the expiration or early termination of the Lease. |
| 14. | Electricity | It is understood the building is served with 9,000 amps at 480v, however the electrical service for the two units in the building is not separately metered. Within sixty (60) days following the Delivery Date, Tenant shall provide a separately metered or sub-metered electrical service to the Premises of approximately 4,500 amps at 480v.  Tenant shall be responsible for electrical distribution to the Premises as outlined in the Tenant Improvement Allowance section above. |
| 15. | HVAC: | Please provide the latest HVAC report outlining each existing unit and its condition. Any units nearing or past their useful life shall be replaced prior to the Lease Commencement. |

| | | |
|---|---|---|
| 16. | Restoration: | No restoration shall be required at the end of the Lease Term or any extension thereof for any initial improvements to the Premises. Such improvements shall be approved by the Landlord at the time of construction. |
| 17. | Option to Extend: | Tenant requires two (2) 1-year options to renew for the Premises upon six (6) months prior written notice. In the event the option is exercised, Base Rent for the option period shall increase by 2.5%. |
| 18. | Assignment and Subletting | Assignment and subletting shall be permitted. Any sublease or assignment profits shall be divided equally between the Landlord and Tenant, after all reasonable subleasing/assignment expenses are recovered by Tenant, including but not limited to attorney fees, brokerage commissions, tenant improvements, and free rent. Landlord's approval shall not be unreasonably withheld, conditioned or delayed. |
| | | Tenant reserves the right to assign, sublet or allow use of by any of its subsidiaries or affiliates as occupants of the Premises without Landlord's consent and without sharing of any excess rents or any other rights or remedies of Landlord set forth in the Lease. Without limiting the foregoing, Tenant shall have the right, at any time, without the approval or consent of Landlord, without the sharing of any excess rents or any other rights or remedies of Landlord set forth in the Lease, to: (a) assign the Lease to (i) any corporation, joint venture, partnership or other entity which is a successor to Tenant resulting from a merger or consolidation, or (ii) to a purchaser of all or substantially all of Tenant's assets, or (b) enter into a desk-sharing agreement related to the Premises. |
| 19. | Non-disturbance Agreement: | Landlord shall provide Tenant with non-disturbance agreements from all present and future land and Building mortgagees and ground lessors in form reasonably satisfactory to Tenant. |
| 20. | Holdover: | Subject to ninety (90) days written notice, Tenant shall have the right to hold over for a period up to three (3) months after the expiration of the initial Lease Term, or any extension thereof at 110% of the Base Rent during the last month of the Term. The base rent shall increase to 150% upon the expiration of the three-month period listed above. |
| 21. | Brokerage: | Tenant is represented by Cushman & Wakefield and Johnson Commercial Real Estate ("Procuring Broker") and Landlord is represented by Colliers ("Listing Broker"). |
| | | If a fully executed lease is entered between Tenant and Landlord, Landlord shall pay the Procuring Broker a full market leasing commission equal to 4% of the Base Rent to be paid in full upon lease execution. Procuring commission to be documented be separate commission agreement. |

July 31, 2025
Page 4

*This Proposal to Lease is intended solely as a preliminary expression of general intentions and is to be used for discussion purposes only. The parties intend that neither shall have any contractual obligations to the other with respect to the matters referred herein unless and until a definitive agreement has been fully executed and delivered by the parties. The parties agree that this Request for Proposal to Lease is not intended to create any agreement or obligation by either party to negotiate a definitive lease/purchase and sale agreement and imposes no duty whatsoever on either party to continue negotiations, including without limitation any obligation to negotiate in good faith or in any way other than at arm's length. Prior to delivery of a definitive executed agreement, and without any liability to the other party, either party may (1) propose different terms from those summarized herein, (2) enter into negotiations with other parties and/or (3) unilaterally terminate all negotiations with the other party hereto.*

I appreciate your assistance and cooperation, and look forward to receiving your response.  If you have any questions please feel free to give me a call.

Sincerely,


| | |
|---|---|
| Erick Johnson | Walt Stephenson |
| Principal | Executive Director |
| erick@jcrenm.com | Walt.stephenson@cushwake.com |
| (505) 831-3333 | (408) 615-3458 |
| | Lic. #01793438 |

July 31, 2025
Page 5

## Broker Duties

---

Per New Mexico law, Brokers are required to disclose a specific set of applicable Broker Duties prior to the time the Broker generates or presents any written document that has the potential to become an express written agreement and obtain from the applicable party, written acknowledgement that the Broker has made such disclosures.

**Johnson Commercial Real Estate (NM License #19234) in conjunction with Cushman Wakefield represents Tenant as a Transaction Broker.**

**Colliers represents Landlord as a Transaction Broker.**

**PART I – BROKER DUTIES**
**All Brokers involved in this transaction owe the following broker duties to *all* parties to the transaction.**
1. Honesty and reasonable care and ethical and professional conduct;
2. Compliance with local, state, and federal fair housing and anti-discrimination laws, the New Mexico Real Estate License Law and the Real Estate Commission rules and other applicable local, state, and federal laws and regulations;
3. Performance of any and all written agreements made with the prospective buyer, seller, landlord (owner) or tenant;
4. Written disclosure of potential conflict of interest or any other written agreement that the broker has in the transaction, including, but not limited to:
    A. any written brokerage relationship the broker has with any other parties to the transaction or;
    B. any material interest or relationship of a business, personal, or family nature that the broker has in the transaction;
    C. Any written agreement the broker has with a licensed Transaction Coordinator who will be providing services related to the transaction.
5. Written disclosure of any adverse material facts actually known by the broker about the property or the transaction, or about the financial ability of the parties to the transaction to complete the transaction; adverse material facts do not include any information covered by federal fair housing laws or the New Mexico Human Rights Act.

**In addition to the above duties, Brokers owe the following Broker Duties to the party to whom the broker is directly providing real estate services, regardless of the scope and nature of those services.**
1. Unless otherwise agreed in writing with the applicable party, assistance to the party in completing the transaction, including:
    A. timely presentation of and response to all written offers or counter-offers; and
    B. active participation in assisting in complying with the terms and conditions of the contract and with the finalization of the transaction;
2. Acknowledgement by the broker that there may be matters related to the transaction that are outside the broker's knowledge or expertise and that the broker will suggest that the party seek expert advice on these matters;
3. Advise to consult with an attorney regarding the effectiveness, validity or consequences of any written document generated by the brokerage or presented to the party and that has the potential to become an express written agreement;
4. Prompt accounting for all money or property received by the broker;
5. Maintenance of any confidential information learned in the course of any prior agency relationship unless the disclosure is with the former principal's written consent or is required by law;
6. Written disclosure of brokerage relationship options available in New Mexico which include, but are not limited to;

- A. **Exclusive agency:** an express written agreement between a person and a brokerage wherein the brokerage agrees to exclusively represent as an agent the interests of the person in a real estate transaction.
- B. **Dual agency:** an express written agreement that modifies existing exclusive agency agreements to provide that the brokerage agrees to act as a facilitator in a real estate transaction rather than as an exclusive agent for either party to the transaction.
- C. **Transaction Broker:** The non-fiduciary relationship created by law, wherein a brokerage provides real estate services without entering into an agency relationship.

7. Unless otherwise authorized in writing, a broker who is directly providing real estate services to a seller/owner shall not disclose the following to the buyer/tenant in a transaction:
   - A. that the seller/owner has previously indicated they will accept a sales/lease price less than the asking or listed price of a property;
   - B. that the seller/owner will agree to financing terms other than those offered;
   - C. the seller/owner's motivations for selling/leasing; or
   - D. any other information the seller/owner has requested in writing remain confidential, unless disclosure is required by law;

8. Unless otherwise authorized in writing, a broker who is directly providing real estate services to a buyer/tenant shall not disclose the following to the seller/owner in the transaction:
   - A. that the buyer/tenant has previously indicated they will pay a price greater than the price submitted in a written offer;
   - B. the buyer/tenant's motivation for buying/leasing; or
   - C. any other information the buyer has requested in writing remain confidential, unless disclosure is required by law.

## PART II – OTHER REQUIRED DISCLOSURES
*Broker shall update these and all other required disclosures as needed.*

1. **BROKERAGE RELATIONSHIPS WITH OTHER PARTIES:** Does Broker have a brokerage relationship with any other party(ies) to the transaction? ☐ YES ☒ NO If "YES" explain;

_____

**2. CONFLICT OF INTEREST:** Does Broker have any material interest or relationship of a business, personal, or family nature in the transaction?   YES  NO If "YES" describe that relationship:

_____

**3. ADVERSE MATERIAL FACTS:** Written disclosure of any adverse material facts actually known by the broker about the property or the transaction, or about the financial ability of the parties to the transaction to complete the transaction; adverse material facts do not include any information covered by federal fair housing laws or the New Mexico Human Rights Act.  ☒ NONE OR explain adverse material facts:

_____

**4. TRANSACTION COORDINATOR:** Broker **IS NOT** working with a licensed New Mexico broker who will be providing transaction coordinator services related to the transaction.

**Note: By signing the Agreement to which this disclosure is attached, you acknowledge that you have reviewed this information.**