

September 12, 2025

BRYAN CAVE LEIGHTON PAISNER LLP
301 S College Street  Suite 2150
Charlotte  NC 28202
T: +1 704 749 8999
F: +1 704 749 8990
bclplaw.com

Jarret P. Hitchings
Partner
Direct:  +1 704 749 8965
jarret.hitchings@bclplaw.com

Honorable Philip Bentley
United States Bankruptcy Judge
Southern District of New York
One Bowling Green
New York, NY 10004-1408

**Re: In re 1300 Desert Willow Road, LLC (Case No. 25-11375 (PB))**

Dear Judge Bentley:

Secured lender Romspen respectfully seeks Your Honor's assistance in resolving two discovery disputes in advance of the hearing scheduled for September 26, 2025 at 10:00 a.m. (the "Valuation Hearing"):

(1) Debtor's failure to respond to Romspen's Written Discovery by September 9, 2025; and

(2) Debtor's refusal to produce documents related to its purported lease of the Property.

Debtor's refusal is particularly acute given the expedited discovery schedule and the need to conduct the Valuation Hearing prior to the expiration of Debtor's interim authority to use cash collateral.

Romspen has worked diligently to meet that schedule and is prepared to go forward with the Valuation Hearing, but should not be prejudiced by Debtor's refusal to satisfy its discovery obligations. Accordingly, Romspen asks the Court (i) to direct Debtor immediately respond to the Written Discovery, (ii) to deem Debtor to have waived any objections to the Written Discovery, and (iii) to bar Debtor from admitting evidence at the Valuation Hearing which its fails to produce.

**Relevant Background**.

The Court scheduled the Valuation Hearing to consider Debtor's request to use cash collateral on a final basis over Romspen's objection. *See* ECF No. 16 (Debtor's "Cash Collateral Motion"); No. 23 (Romspen's objection). The Court held a prior hearing on August 12, 2025, at which time the Court authorized Debtor to use cash collateral on an interim basis pursuant to a budget ending October 4, 2025 (the "Budget"). *See* ECF No. 35 (second interim cash collateral order). Romspen has objected to entry of a final order on various grounds, including that Debtor lacks equity in the Property sufficient to "adequately protect" Romspen's undisputed interests therein.

The Court scheduled the Valuation Hearing to consider evidence as to the value of Debtor's Property. The Valuation Hearing was intentionally scheduled prior to the expiration of the Budget period. Recognizing this schedule provided limited time for the parties to undertake discovery, the Court encouraged the parties to work cooperatively on a schedule for the exchange of information.

1

September 12, 2025
Page 2



**The Written Discovery.**

On August 26, 2025, Romspen propounded limited interrogatories and requests for the production of documents to Debtor (together, the "Written Discovery").[1] Per agreement between the parties, Debtor was to provide its responses by September 9, 2025.[2] To date, Debtor has not provided any response or objection to the Written Discovery.

Through a series of conferrals, Debtor has advised Romspen that it will not produce information relating to its efforts to lease the Property without Romspen first entering a non-disclosure agreement (and "NDA"). *See* Written Discovery, Request Nos. 7-9. Romspen has requested this information because Debtor has asserted that it is in the process of leasing the Property's vacant unit and relied upon a redacted "Letter of Intent" in support of its Cash Collateral Motion. *See* ECF No. 43. The status, terms, and viability of this purported lease is thus likely to be relevant to the matters considered at the Valuation Hearing.

Romspen has declined to enter into an NDA as a condition to receiving the requested lease materials. As an initial matter, the parties' loan agreement expressly states that all leases are subject to Romspen's prior approval, and further provides a variety of criteria that proposed leases must meet (*e.g.*, market rate rents and commercially reasonable terms). *See* Loan Agreement at 5.28 (filed at ECF No. 13, Ex. 1). Second, Debtor has not identified any reasonable basis for imposing confidentiality restrictions on the requested information. Instead, Debtor claims that disclosure of any leasing information to Romspen will risk Romspen interfering with Debtor's negotiation with its prospective tenant. Debtor asserts this claim without any historic example or current evidence of interference by Romspen.

**Romspen's Requested Relief.**

Debtor's refusal to respond to the Written Discovery is unjustified and procedurally improper. Debtor is not entitled to unilaterally refuse to respond to Romspen's validly issued discovery requests. Yet here, Debtor has not even served written objections. *UBS Int'l Inc. v. Itete Brasil Instalacoes Telefonicas Ltd.*, 2010 U.S. Dist. LEXIS 16737, at *3 (S.D.N.Y. Feb. 24, 2010) (recognizing that a litigant's "failure to respond or object to a discovery request in a timely manner" waives any objection that may have been available"). Nor has Debtor sought a protective order relieving it from its discovery obligations or imposing confidentiality conditions. *See Harper v. Blazo,* 2019 U.S. Dist. LEXIS 140231, at *26-27 (E.D. Cal. Aug. 16, 2019) ("[A party]may not legally withhold documents from discovery on the basis of confidentiality. Instead, he must move the Court for a protective order."). In the absences of compliance with its discovery obligations, Debtor should be precluded from admitting any improperly withheld documents as evidence at the Valuation Hearing. *In re Quigley Co.*, 437 B.R. 102, 150 (Bankr. S.D.N.Y. 2010) ("Under Rule 37, . . . [i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . at a hearing, or at trial, unless the failure was substantially justified or is harmless.") (cleaned up).

Very Truly Yours,

*/s/ Jarret P. Hitchings*

**Jarret P. Hitchings**  (A*dmitted pro hac vice*)

---

[1] Copies of the Written Discovery are enclosed herewith as **Exhibit A**.
[2] In delivering the Written Discovery to Debtor's counsel, undersigned counsel requested "If, upon your review, Debtor determines it cannot meet this schedule, please advise promptly." Debtor did not advise that it could not meet the previously-agreed schedule.