# EXHIBIT A

Brigid K. Ndege (NY Bar No. 5046925)
**BRYAN CAVE LEIGHTON PAISNER LLP**
161 North Clark Street, Suite 4300
Chicago, IL 60601
Telephone:   (312) 602-5000
Facsimile:   (312) 602-5050
Email:       brigid.ndege@bclplaw.com

Jarret P. Hitchings (Admitted *Pro Hac Vice*)
**BRYAN CAVE LEIGHTON PAISNER LLP**
301 S. College Street, Suite 2150
Charlotte, NC 28202
Telephone:   (704) 749-8965
Facsimile:   (704) 749-8990
Email:       jarret.hitchings@bclplaw.com

Kyle S. Hirsch (Admitted *Pro Hac Vice*)
**BRYAN CAVE LEIGHTON PAISNER LLP**
Two North Central Avenue, Suite 2100
Phoenix, AZ 85004
Telephone:   (602) 364-7000
Facsimile:   (602) 364-7070
Email:       kyle.hirsch@bclplaw.com

*Counsel to Romspen Investment LP, as agent and servicer for TIG Romspen US Master Mortgage LP and Fund Investment 149, LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**MANHATTAN DIVISION**

| | |
|---|---|
| In re:<br><br>**1300 Desert Willow Road, LLC,**<br><br>Debtor. | Chapter 11<br><br>Case No. 25-11375 (PB) |

**ROMSPEN'S FIRST SET OF INTERROGATORIES**
**DIRECTED AT DEBTOR 1300 DESERT WILLOW ROAD, LLC**

Secured creditor Romspen Investment LP ("Romspen Investment"), as agent and servicer for TIG Romspen US Master Mortgage L.P. ("TIG") and Fund Investment 149, LLC ("Fund Investment," collectively with TIG and Romspen Investment, "Romspen"), hereby requests pursuant to Fed. R. Civ. P. 33, made applicable herein by Fed. R. Bankr. P. 9014, and LBR 7033-1, that 1300 Desert Willow Road, LLC (the "Debtor") respond to the following interrogatories, under oath, and serve objections (if any) no later than September 9, 2025.

## Instructions

1. The wording of these interrogatories does not constitute an admission of what the facts or evidence will show.

2. In responding to these interrogatories, the Debtor is directed to set forth each interrogatory in full before setting forth his response.

3. The Debtor must answer each interrogatory separately and completely in writing and under oath, unless it is objected to.

4. If the Debtor objects to an interrogatory, the Debtor must provide a specific explanation of the basis for such objection and respond to the interrogatory to the extent it is not objectionable.

5. If any of these interrogatories cannot be answered in full, the Debtor must: (i) answer to the extent possible; (ii) specify the reasons for the Debtor's inability to answer the remainder; (iii) state what information, knowledge or belief the Debtor has concerning the unanswered portion; and (iv) identify any person who might possess knowledge or information concerning the unanswered portion.

6. The instructions set forth in Fed. R. of Civ. P. 26(b)(5), made applicable hereto by Fed. R. Bankr. P. 9014, are incorporated herein by reference.

7. These interrogatories are continuing in character so as to require the Debtor, pursuant to Fed. R. of Civ. P. 26(e), made applicable hereto by Fed. R. Bankr. P. 9014, to promptly supplement its responses should any other responsive documents or information come into its possession, custody or control prior to trial.

8. Each interrogatory is to be answered on the basis of the Debtor's entire knowledge, including information in the possession of its consultants, representatives, employees, agents,

servants or counsel. The Debtor must make inquiry of such of its officers, employees, agents and servants and others, including experts, consultants, representatives, attorneys, subsidiaries and contractors and must refer to all documents, correspondence, memoranda and other papers in its possession, custody and control as would enable you to make full and true answers to the Interrogatories.

9. Romspen reserves the right to amend, supplement, and/or modify these interrogatories.

**Definitions**

1. "And" and "or" shall be construed to be both conjunctive and disjunctive, so that no request shall be interpreted so as to exclude any information otherwise within its scope.

2. "Chapter 11 Case" refers to the Debtor's above-captioned chapter 11 bankruptcy case.

3. "Communications" whether used in the singular or plural, means any conversation, discussion, letter, correspondence, memoranda, meeting, note, electronic mail, reports, facsimile, telephone messages and recordings, voicemail, computer messaging and communications, text messages, telex, telegrams, wire communications, tape recorded communications, or other transfer of information, whether written, oral or by other means, and includes any Document which abstracts, digests, transcribes or records such Communications.

4. "Cash Collateral Motion" refers to the *Debtor's Motion for an Order (A) Authorizing the Use of Cash Collateral Pursuant to Bankruptcy Code Section 362(c)(2) and Bankruptcy Rules 4001 on an Interim Basis and Providing Adequate Protection Therefor Pursuant to 11 U.S.C. §§ 361 and 362, (B) Scheduling a Final Hearing; and Such Other and Final Relief as the Court Finds Just and Proper* filed at ECF No. 16.

3

5. "Debtor" refers to 1300 Desert Willow Road, LLC, the debtor in the above-captioned matter.

6. "Final Hearing" refers to the final hearing on the Cash Collateral Motion scheduled for September 26, 2025 at 10:00 a.m.

7. "Identify" when used with respect to a document, means to state: (a) the subject matter of the document; (b) the title of the document; (c) the type of document (*e.g.*, letter, memorandum, telegram, chart); (d) the date of the document, or if the specific date thereof is unknown, the month and year or other best approximation of such date; (e) the identity of the person or persons who wrote, contributed to, prepared or originated such document; (f) the identity of the person(s) to whom the document was addressed; and (g) the present or last known location and custodian of the document.

8. "Identify" when used with respect to a communication, discussion, or event, means to state: (a) its nature or type (telephonic, electronic, in person, etc.); (b) its content, facts, and circumstances; (c) the dates and/or time frame; (d) the persons involved in or witnessing the communication, discussion, negotiation, or event; and (e) whether such communication, discussion, negotiation, or event was memorialized in any form, and, if so, the nature and location of such document.

9. "Letter of Intent" refers to the August 5, 2025 letter of intent in this proceeding at ECF No. 44.

10. "Property" refers to the real and personal property located at 1300 Desert Willow Road, Los Lunas, New Mexico.

11. "Relating to" or "Relied upon" are used in their broadest sense.

4

12. Capitalized terms not otherwise defined herein are intended to have the meaning, if any, given in the Cash Collateral Motion.

**Interrogatories**

1. Identify each and every person, including each and any expert witnesses, whose testimony the Debtor may present at the Final Hearing, and for each person, provide his or her full name, address, telephone number, email address, and the topics on which such person may testify.

2. If the Debtor disputes the total amount of indebtedness asserted in the Proof of Claim registered by Romspen (Claim No. 1), identify the bases for such dispute(s) including the portion of the indebtedness or line item the Debtor disputes and what the Debtor believes such portion, line item or total claim amount should be.

3. Explain the $5 million claim scheduled in favor of Equity Funding, LLC, including the basis for such claim or other obligation owed by the Debtor to this entity, when it was incurred, and how it was calculated.

4. Explain why the $5 million claim scheduled in favor of Equity Funding, LLC is designated as contingent, unliquidated, and disputed.

[*Signature Page Follows*]

DATED this 26nd day of August 2025.

          **BRYAN CAVE LEIGHTON PAISNER LLP**

          /s/ *Brigid K. Ndege*
          Brigid K. Ndege (NY Bar No. 5046925)
          161 North Clark Street, Suite 4300
          Chicago, Illinois 60601
          Telephone:  (312) 602-5000
          Facsimile:  (312) 602-5050
          Email:  brigid.ndege@bclplaw.com

          Kyle S. Hirsch (*Pro Hac Vice*)
          Two North Central Avenue, Suite 2100
          Phoenix, Arizona 85004
          Telephone:  (602) 364-7000
          Facsimile:  (602) 364-7070
          Email:  kyle.hirsch@bclplaw.com

          Jarret P. Hitchings (Admitted *Pro Hac Vice*)
          301 S. College Street, Suite 2150
          Charlotte, NC 28202
          Telephone:  (704) 749-8965
          Facsimile:  (704) 749-8990
          Email:  jarret.hitchings@bclplaw.com

          *Counsel to Romspen Investment LP, as agent and servicer for TIG Romspen US Master Mortgage LP and Fund Investment 149, LLC*

Brigid K. Ndege (NY Bar No. 5046925)
**BRYAN CAVE LEIGHTON PAISNER LLP**
161 North Clark Street, Suite 4300
Chicago, Illinois 60601
Telephone:    (312) 602-5000
Facsimile:    (312) 602-5050
Email:        brigid.ndege@bclplaw.com

Jarret P. Hitchings (Admitted *Pro Hac Vice*)
**BRYAN CAVE LEIGHTON PAISNER LLP**
301 S. College Street, Suite 2150
Charlotte, NC 28202
Telephone:    (704) 749-8965
Facsimile:    (704) 749-8990
Email:        jarret.hitchings@bclplaw.com

Kyle S. Hirsch (Admitted *Pro Hac Vice*)
**BRYAN CAVE LEIGHTON PAISNER LLP**
Two North Central Avenue, Suite 2100
Phoenix, Arizona 85004
Telephone:    (602) 364-7000
Facsimile:    (602) 364-7070
Email:        kyle.hirsch@bclplaw.com

*Counsel to Romspen Investment LP, as agent and servicer for TIG Romspen US Master Mortgage LP and Fund Investment 149, LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**MANHATTAN DIVISION**

| | |
|---|---|
| In re:<br><br>**1300 Desert Willow Road, LLC,**<br><br>Debtor. | Chapter 11<br><br>Case No. 25-11375 (PB) |

**ROMSPEN'S FIRST REQUESTS FOR THE PRODUCTION OF DOCUMENTS
DIRECTED AT DEBTOR 1300 DESERT WILLOW ROAD, LLC**

Secured creditor Romspen Investment LP ("Romspen Investment"), as agent and servicer for TIG Romspen US Master Mortgage L.P. ("TIG") and Fund Investment 149, LLC ("Fund Investment," collectively with TIG and Romspen Investment, "Romspen"), hereby requests pursuant to Fed. R. Civ. P. 33, made applicable herein by Fed. R. Bankr. P. 9014, that 1300 Desert Willow Road, LLC (the "Debtor") respond to the following requests for production of documents

1

and serve objections thereto (if any) no later than 5:00 p.m (prevailing Eastern time) on September 9, 2025. The following instructions and definitions apply to each Request for Production.

## Instructions

1. The wording of these requests does not constitute an admission of what the facts or evidence will show.

2. In responding to these requests, the Debtor is directed to set forth each request in full before setting forth his response.

3. The Debtor must respond to each request separately and completely, unless it is objected to.

4. If the Debtor objects to a request, the Debtor must provide a specific explanation of the basis for such objection and respond to the request to the extent it is not objectionable.

5. The instructions set forth in Fed. R. Civ. P. 26(b)(5), made applicable hereto by Fed. R. Bankr. P. 9014, are incorporated herein by reference.

6. These requests are continuing in character so as to require the Debtor, pursuant to Fed. R. Civ. P. 26(e), made applicable hereto by Fed. R. Bankr. P. 9014, to promptly supplement Debtor's responses should any other responsive documents or information come into its possession, custody or control prior to any hearing or trial.

7. Romspen reserves the right to amend, supplement, and/or modify these requests.

## Definitions

1. "<u>And</u>" and "<u>or</u>" shall be construed to be both conjunctive and disjunctive, so that no request shall be interpreted so as to exclude any information otherwise within its scope.

2. "<u>Chapter 11 Case</u>" refers to the Debtor's above-captioned chapter 11 bankruptcy case.

3. "Communications" whether used in the singular or plural, means any conversation, discussion, letter, correspondence, memoranda, meeting, note, electronic mail, reports, facsimile, telephone messages and recordings, voicemail, computer messaging and communications, text messages, telex, telegrams, wire communications, tape recorded communications, or other transfer of information, whether written, oral or by other means, and includes any Document which abstracts, digests, transcribes or records such Communications.

4. "Cash Collateral Motion" refers to the *Debtor's Motion for an Order (A) Authorizing the Use of Cash Collateral Pursuant to Bankruptcy Code Section 362(c)(2) and Bankruptcy Rules 4001 on an Interim Basis and Providing Adequate Protection Therefor Pursuant to 11 U.S.C. §§ 361 and 362, (B) Scheduling a Final Hearing; and Such Other and Final Relief as the Court Finds Just and Proper* filed at ECF No. 16.

5. "Debtor" refers to the debtor in the above-captioned matter, 1300 Desert Willow Road, LLC.

6. "Final Hearing" refers to the final hearing on the Cash Collateral Motion scheduled for September 26, 2025 at 10:00 a.m.

7. "Identify" when used with respect to a document, means to state: (a) the subject matter of the document; (b) the title of the document; (c) the type of document (*e.g.*, letter, memorandum, telegram, chart); (d) the date of the document, or if the specific date thereof is unknown, the month and year or other best approximation of such date; (e) the identity of the person or persons who wrote, contributed to, prepared or originated such document; (f) the identity of the person(s) to whom the document was addressed; and (g) the present or last known location and custodian of the document.

3

8. "Identify" when used with respect to a communication, discussion, or event, means to state: (a) its nature or type (telephonic, electronic, in person, etc.); (b) its content, facts, and circumstances; (c) the dates and/or time frame; (d) the persons involved in or witnessing the communication, discussion, negotiation, or event; and (e) whether such communication, discussion, negotiation, or event was memorialized in any form, and, if so, the nature and location of such document.

9. "Loan" refers to that certain loan Romspen made to the Debtor in the original principal amount of $20,100,000.00, evidenced by, among other things: (i) that certain Loan Agreement dated April 4, 2022, between Romspen and the Debtor and (ii) that certain Promissory Note, dated April 4, 2022, in the principal sum of $20,100,000.00, executed by the Debtor on March 29, 2022.

10. "Letter of Intent" refers to the August 5, 2025 letter of intent filed in this proceeding at ECF No. 44.

11. "Property" refers to the real and personal property located at 1300 Desert Willow Road, Los Lunas, New Mexico.

12. "Relating to" or "Relied upon" are used in their broadest sense.

13. Capitalized terms not otherwise defined herein are intended to have the meaning, if any, given in the Cash Collateral Motion.

**Requests For Production**

1. All Documents and other materials evidencing the value of the Property as of or after June 22, 2025.

2. Any and all appraisals of the Property completed or requested after April 4, 2022.

3. Any and all broker opinions of value (BVO) with respect to the Property completed or requested after April 4, 2022.

4. All Documents and other materials reflecting or evidencing any valuation of the Property completed or requested after April 4, 2022.

5. All Documents and other materials the Debtor intends to rely upon or introduce as evidence at the Final Hearing.

6. All Documents, including any appraisal, opinion, valuation, estimate, or similar report concerning the Property prepared by any expert for the Debtor in connection with the Final Hearing.

7. A full, complete, and un-redacted copy of the Letter of Intent.

8. All Documents relating to the Letter of Intent, including but not limited to any draft agreements or leases prepared in furtherance of the transactions contemplated in the Letter of Intent.

9. All Communications relating to the Letter of Intent.

10. All Documents relating to or evidencing the Debtor's efforts since June 22, 2205 to refinance Romspen's loan to the Debtor.

11. All Communications relating to or evidencing the Debtor's efforts since June 22, 2205 to refinance Romspen's loan to the Debtor.

12. If the Debtor disputes the total amount of indebtedness asserted in the Proof of Claim registered by Romspen (Claim No. 1), all Documents evidencing or establishing the amount the Debtor asserts it owes to Romspen.

13. All Documents and other materials evidencing the $5 million claim scheduled in favor of Equity Funding, LLC.

DATED this 26nd day of August 2025.

          **BRYAN CAVE LEIGHTON PAISNER LLP**

          */s/ Brigid K. Ndege*
          Brigid K. Ndege (NY Bar No. 5046925)
          161 North Clark Street, Suite 4300
          Chicago, Illinois 60601
          Telephone:  (312) 602-5000
          Facsimile:  (312) 602-5050
          Email:  brigid.ndege@bclplaw.com

          Kyle S. Hirsch (*Pro Hac Vice*)
          Two North Central Avenue, Suite 2100
          Phoenix, Arizona 85004
          Telephone:  (602) 364-7000
          Facsimile:  (602) 364-7070
          Email:  kyle.hirsch@bclplaw.com

          Jarret P. Hitchings (Admitted *Pro Hac Vice*)
          301 S. College Street, Suite 2150
          Charlotte, NC 28202
          Telephone:  (704) 749-8965
          Facsimile:  (704) 749-8990
          Email:  jarret.hitchings@bclplaw.com

          *Counsel to Romspen Investment LP, as agent and servicer for TIG Romspen US Master Mortgage LP and Fund Investment 149, LLC*